Argued September 19, affirmed October 20, 1975

IN THE MATTER OF THE MARRIAGE OF
LeBRUN, *Respondent, and* LeBRUN (No. D-6631),
*Appellant.*
541 P2d 140

*Fred A. Anderson,* Tigard, argued the cause for appellant. With him on the brief were Anderson, Dittman & Anderson, Tigard.

*Jon B. Lund,* Beaverton, argued the cause for re-

spondent. With him on the brief were Thompson, Adams & Lund, Beaverton.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

## SCHWAB, C. J.

In this dissolution-of-marriage proceedings the wife contends on appeal that she should have received a greater share of the family property and an additional $300 per month in child support.

The parties had been married approximately 20 years. Both are in good health. The wife is 39; the husband 43. They have four children—the oldest 19, the youngest 13. The husband works for a large Oregon corporation and currently receives a gross salary of approximately $28,000 per year. The principal assets of the parties were: (1) a residence with a market value of $48,000, subject to a $24,000 mortgage, leaving a net equity of $24,000; (2) a retail book business with a book value of $77,500 and a market value, according to the parties' accountant, of $63,-000;[1] (3) a note payable from the business to the husband in the amount of $7600; and (4) approximately $18,000 in a profit-sharing retirement trust maintained by the husband's employer. In the normal course of events the husband will have no access to this money until retirement.

The custody of the three youngest children was given to the wife and the husband ordered to pay $100 per month support for each of them. In addition the decree requires that the husband maintain medical coverage on behalf of the children, and that he maintain his existing life insurance, which is substantial,

---

[1] The business was established and developed by the parties during their marriage. They held it in corporate form.

for the benefit of the children during their minority. The 19-year-old child is attending college and the decree requires that so long as she is unmarried, under the age of 21, and maintains regular student status, the husband shall pay her entire college expenses, including room and board, books, tuition and incidental expenses.

The wife is the active manager of the book business. The parties' accountant testified that for the year 1975 he projected earnings for the business in excess of $30,000. He further testified that a salary of $24,000 per year for the wife's services to the business was justified. He recommended, however, that she draw a salary of $15,000 and that the remainder of the earnings be retained in the business. No support for the wife was awarded and she does not seek any on appeal. The trial judge awarded the husband's interest in his employer's retirement trust fund to the husband and all other assets to the wife. The judge, in addition, gave the husband a judgment against the wife in the sum of $35,000, to be paid without interest upon the remarriage of the wife, the sale of the business or 10 years after the decree, whichever first occurs.

The net result was to give the wife the residence and sole ownership of the business which she is capable of managing, and which is currently earning enough to give her an income in excess of $20,000 per year while accumulating earnings sufficient to pay off the $35,000 judgment. Except for the judgment the husband received nothing but his interest in his retirement fund.

We find nothing in the decree of the trial court giving the wife any legitimate cause for complaint.

Affirmed. No costs.